IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**LORI ANN GRIFFIN**                                                                    **PETITIONER**

v.                                                                              No. 1:14CV41-GHD-SAA

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.**                                                              **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Lori Ann Griffin for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Lori Ann Griffin is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. On March 14, 2013, Griffin was convicted of one count of aggravated assault in the Circuit Court of Lowndes County, Mississippi. The Circuit Court sentenced Griffin to serve twenty years in the custody of the Mississippi Department of Corrections ("MDOC"), with sixteen (16) years to serve and four (4) years post-release supervision. Griffin does not include any details in her petition regarding a motion for post-conviction relief. However, the Lowndes County Circuit Court Clerk's Office has reported that Griffin filed a Motion for Post-Conviction Relief in that court on February 26, 2014. The motion is pending and has not been decided at this time. The office of the Mississippi Supreme Court Clerk shows no filings by Griffin there.

In her current petition for a writ of *habeas corpus*, Griffin raises the following grounds for relief:

> Ground One. Violation of the 6th and 14th Amendment of the US Constitution Right to competent and effective assistance of counsel.
>
> Ground Two. Request for speedy trial.
>
> Ground Three. Non relevant prejudicial evidence.
>
> Ground Four. Bias of jury pool and selection: bias of judge.
>
> Ground Five. Contradictory testimony.

Griffin's grounds have not been exhausted in the state court, as she has not given the Mississippi Supreme Court, an opportunity to review her claims. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of June, 2014.

/s/ Sle H Davidson
SENIOR JUDGE